IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| CHURCH JOINT VENTURE,  ) | |
| A LIMITED PARTNERSHIP,  ) | |
| ON BEHALF OF EDWARD L.  ) | |
| MONTEDONICO, CHAPTER 7  ) | |
| TRUSTEE OF THE BANKRUPTCY  ) | |
| ESTATE OF EARL BENARD  ) | |
| BLASINGAME AND MARGARET  ) | |
| GOOCH BLASINGAME,  ) | |
|   ) | |
| Plaintiffs,  ) | |
|   ) | |
| v.  ) | No. 12-2119-STA-dkv |
|   ) | |
| MARTIN A. GRUSIN, JG LAW FIRM,  ) | |
| TOMMY L. FULLEN, AND  ) | |
| LAW OFFICES OF TOMMY L.  ) | |
| FULLEN,  ) | |
|   ) | |
| Defendants.  ) | |

---

**ORDER GRANTING IN PART, DENYING IN PART PLAINTIFF'S MOTION TO ABSTAIN AND REFER ACTION TO BANKRUPTCY COURT**

---

Before the Court is Plaintiff Church Joint Venture's Motion to Abstain and Refer Action to Bankruptcy Court (D.E. # 19) filed on February 24, 2012. Defendant Martin A. Grusin and Defendant Tommy L. Fullen and the Law Offices of Tommy L. Fullen have filed separate responses in opposition to Plaintiff's Motion. For the reasons set forth below, the Motion is **GRANTED IN PART, DENIED IN PART**.

## BACKGROUND

**I. Procedural Background**

1

Plaintiff filed this legal malpractice suit on behalf of Edward L. Montedonico, the chapter 7 Trustee of the bankruptcy estates of Earl Benard Blasingame and Margaret Gooch Blasingame. According to Plaintiff's Motion, this case arises out of and is related to a bankruptcy case pending in the United States Bankruptcy Court for the Western District of Tennessee, *In re Earl Benard Blasingame and Margaret Gooch Blasingame*, no. 08-28289 ("the bankruptcy matter").[1] An adversary action was filed in the bankruptcy matter on September 29, 2009, which sought to deny the debtors their discharge. As a result, on February 22, 2011, the Bankruptcy Court denied the debtor their discharge, in part because the debtors had failed to disclose several assets, including their interests in two trusts and in corporate entities. The Bankruptcy Court specifically noted the debtors' claim that their failure to disclose certain asserts was based on the advice of counsel. The debtors filed a motion to alter or amend the Bankruptcy Court's summary judgment order, in which the debtors produced affidavits from Martin A. Grusin, Esq. and Tommy L. Fullen, Esq. According to Plaintiff, the affidavits from these attorneys set forth reasons why the assets omitted from the bankruptcy petition were, in their opinion, not required to be listed. Specifically, Defendant Fullen averred that he "advised the Debtors that there was no need for the Debtors to add those Trusts and/or Corporations nor the benefits they received from those Trusts and/or Corporations, on their petition for bankruptcy." Pl.'s Mot. Abstain 4. Both attorneys stated that they met with the debtors and assisted them in the preparation of their bankruptcy petition. Plaintiff argues that some of the

---

[1] Plaintiff cites a number of documents from the bankruptcy matter and incorporates them by reference to its Motion. However, these documents are not actually attached to the papers in this case and appear on the docket of the bankruptcy court. Therefore, Plaintiff has not actually put them before the Court.

2

advice described in the attorney affidavits was given pre-petition. The Bankruptcy Court denied the motion to alter or amend the judgment and granted a motion to disqualify counsel.[2]

## II. Plaintiff's Motion to Abstain

In the Motion before the Court, Plaintiff requests that the Court abstain from exercising jurisdiction in this case and refer the matter to the Bankruptcy Court for further proceedings. Plaintiff relies on the Bankruptcy Code and this Court's administrative order by which all "cases under the Bankruptcy Act and Title 11 and all actions arising under Title 11 or arising in or related to a case under the Bankruptcy Act and Title 11" are referred to the Bankruptcy Court. Plaintiff argues that this case is a core proceeding in that the claim "arises in" a bankruptcy matter. The legal malpractice claim constitute property of the bankruptcy estate and involves a determination of a state law cause of action that arose pre-petition. Thus, the Bankruptcy Court may hear this case and enter judgment pursuant to *Stern v. Marshall*, 131 S. Ct. 2594 (2011). Plaintiff argues then that this Court should refer the matter to the Bankruptcy Court for determination and exercise its discretion to abstain from hearing the case under 28 U.S.C. 1334(c). According to Plaintiff, Judge Latta is already familiar with the issues presented and is best-positioned to decide the case expeditiously. Therefore, Plaintiff asks the Court to refer this case to the Bankruptcy Court.

In response, Defendants make largely similar arguments in opposition to Plaintiff' Motion to Abstain. Defendants contend that the Court should not refer this matter to the Bankruptcy Court because Defendants have demanded a jury trial. Pursuant to 28 U.S.C. 157(e), a bankruptcy court may conduct a jury trial only where the district court has specially designated the bankruptcy court

---

[2] The reasons for the order disqualifying counsel are not entirely clear from Plaintiff's Motion. While Plaintiff has incorporated the Bankruptcy Court's order into the Motion to Abstain by reference, Plaintiff has not actually produced the order for this Court's review.

to hear jury trials and all parties have expressly consented to trial before the bankruptcy court. In the case at bar, both Defendants have stated their opposition to trial by jury before the Bankruptcy Court and stated that they will not consent. Defendants further argue that this case amounts to a non-core proceeding, which means that this Court must ultimately decide the case, not the Bankruptcy Court. Defendants rely on the Sixth Circuit's decision in *Browning v. Levy*, 283 F.3d 761 (6th Cir. 2002), for the proposition that legal malpractice claims are non-core proceedings. Finally, Defendants argue that the Court should hear this matter for the sake of judicial economy because Plaintiff's claim is a non-core proceeding that will require a jury trial. Defendants assert that it would not be appropriate for Judge Latta to hear the case as she is "boxed in" by her previous rulings in the adversary proceeding. For example, Judge Latta has already issued opinions on whether the legal malpractice claims would survive a motion to dismiss or whether they are barred by the statute of limitations or collateral estoppel. As such, Judge Latta is "boxed in" by these previous rulings. For these reasons, Defendants argue that the Court should deny Plaintiff's Motion to Abstain.[3]

## ANALYSIS

This Court's Administrative Order 84-30 states in relevant part that

> all cases under the Bankruptcy Act and Title 11 of the United States Code and all actions, matters or proceedings arising under Title 11 of the United States Code or arising in or related to a case under the Bankruptcy Act and Title 11 of the United States Code shall be referred to the bankruptcy judges for this Judicial District, who shall exercise authority conferred under the Bankruptcy Amendments Act of 1984, except as otherwise provided by law or by rule or order of this District Court.[4]

---

[3] Defendant Grusin makes an additional argument in opposition to Plaintiff's Motion and asks that if the Court decides that abstention is appropriate, the Court should abstain in favor of the case being heard in state court.

[4] *Order In re Bankruptcy Jurisdiction and Procedure Under the Bankruptcy Amendments Act of 1984*, July 10, 1984.

4

Based on a plain reading of Administrative Order 84-30 and the long-standing practice in this District, Plaintiff's case is properly referred to the "bankruptcy judges for this Judicial District," that is, the United States Bankruptcy Court for the Western District of Tennessee. According to the jurisdictional allegations of the Complaint, this Court has jurisdiction over Plaintiff's claims by virtue of 28 U.S.C. § 1334(a) and (b).[5] Section 1334(a) states that "the district courts shall have original and exclusive jurisdiction of all cases under Title 11;"[6] whereas, section 1334(b) states that "the district shall have original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11."[7] The Court holds that based on the allegation that this Court has jurisdiction in this case pursuant to § 1334(a) and (b), Administrative Order 84-30 applies, and the case is referred to the Bankruptcy Court. To the extent that Plaintiff's Motion requests that the Court specially refer this matter to the Bankruptcy Court, Administrative Order 84-30 already addresses Plaintiff's request and provides for the referral of this case to the Bankruptcy Court. Therefore, Plaintiff's Motion is **GRANTED** in so far as Plaintiff moves to have the case referred to the Bankruptcy Court.

With respect to Plaintiff's request that the Court abstain from hearing the case, the Court finds Plaintiff's reliance on 28 U.S.C. 1334(c) as a basis for the Court to abstain from exercising jurisdiction over this case to be misplaced. Section 1334(c) addresses discretionary and mandatory abstention in favor a state courts, not a federal bankruptcy court. For example, section 1334(c)(2) provides for mandatory abstention where "an action is commenced, and can be timely adjudicated,

---

[5] Compl. ¶ 6.

[6] 28 U.S.C. § 1334(a).

[7] § 1334(b).

5

in a State forum or appropriate jurisdiction."[8] The Court finds that based on its plain meaning, this paragraph has no relevance in this case because Plaintiff initiated the action in federal court, not state court. Plaintiff actually relies on section 1334(c)(1), which states that a district court may abstain "in the interest of justice, or in the interest of comity with State courts or respect for State law."[9] Plaintiff has cited no authority for the proposition that § 1334(c) is the proper basis for a district court to abstain from hearing a case in favor of the bankruptcy court. Therefore, Plaintiff's Motion is **DENIED** to the extent that Plaintiff moves the Court to abstain from hearing the case pursuant to 28 U.S.C. § 1334(c).

As for Defendants' arguments that Plaintiff's claims are non-core proceedings and that Defendants are entitled to a jury trial, the Court declines to reach these issues at this time.[10] Therefore, this matter is referred to the United States Bankruptcy Court for the Western District of Tennessee for further proceedings.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: June 1, 2012.

---

[8] § 1334(c)(2).

[9] § 1334(c)(1).

[10] See 28 U.S.C. § 157(b)(3) ("The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11.").